IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL E. HEBBE, | ) | No. C 12-4037 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF PARTIAL DISMISSAL AND OF SERVICE; GRANTING IN PART AND DENYING PENDING MOTIONS** |
| v. | ) ) ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ) ) ) ) | |
| Defendants. | ) | (Docket Nos. 2, 3) |
| _____ | ) | |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation ("CDCR") and twelve of its employees based upon a variety of conditions at the California Training Facility, in Soledad, California ("CTF"), where Plaintiff is housed. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and orders it served upon certain Defendants.

**DISCUSSION**

I.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 553-56. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. This standard applies to all cases. *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009) (finding under *Twombly* and Rule 8 of the Federal Rules of Civil Procedure, that complainant-

detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations). From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

II.  Legal Claims

Plaintiff sets forth nine causes of action in his complaint.

Plaintiff's first, second, fourth, fifth and ninth claims allege that Defendants have Noll, Curry, Davis, Foston and Grounds have caused him and other inmates to miss weekly laundry service. According to Plaintiff, California regulations provide for washing inmates' laundry and linens on a weekly basis, but Defendants have sporadically ordered cleaning of the laundry or of the linens suspended. In all, he alleges that this service was suspended for seven different weeks in 2009, although never for more than two consecutive weeks; once in 2010 he did not have his laundry cleaned for four consecutive weeks; and once in 2011 he did not have his linens cleaned three consecutive weeks. Plaintiff claims that these actions violated of his Eighth Amendment right to be free from cruel and unusual punishment.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the

1    deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official
2    possesses a sufficiently culpable state of mind. *Id.* at 834.  In determining whether a
3    deprivation of a basic necessity is sufficiently serious to satisfy the objective component
4    of an Eighth Amendment claim, a court must consider the circumstances, nature, and
5    duration of the deprivation and whether the inmate was deprived of a basic necessity,
6    such as food and shelter.  *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).
7    Although the Eighth Amendment protects against cruel and unusual punishment, this
8    does not mean that federal courts can or should interfere whenever prisoners are
9    inconvenienced or suffer de minimis injuries.  *See, e.g., Hudson*, 503 U.S. at 9-10.
10   Federal courts must avoid enmeshing themselves in the minutiae of prison operations in
11   the name of the Eighth Amendment.  *See Wright v. Rushen*, 642 F.2d 1129, 1132 (9th
12   Cir. 1981).

13        Having laundry and linens cleaned every week is not a basic necessity of life like
14   food and shelter.  The alleged suspension of laundry service in this case was sporadic and
15   for a total of thirteen weeks over two years, which means that for the vast majority of the
16   time, he received weekly laundry and linen service.  Moreover, it was predominantly for
17   one week at a time, once it was for two weeks, and once it was for four weeks, all over a
18   two-year period.  The suspension of linen service was less than that.  If laundry cleaning
19   were to be suspended for a more extended or consistent period of time, an Eighth
20   Amendment issue might arise.  The relatively brief and occasional cessation in laundry
21   and linen services alleged here, however, while perhaps inconvenient and uncomfortable,
22   is not cruel and unusual punishment under the Eighth Amendment.  *See, e.g., Anderson*,
23   45 F.3d at 1314-15 (temporary placement in safety cell that was dirty and smelled bad
24   did not constitute infliction of pain); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir.
25   1988) (allegation that inmate slept without mattress for one night is insufficient to state
26   8th Amendment violation and no amendment can alter that deficiency), *judgment*
27   *vacated on other grounds*, 493 U.S. 801 (1989); *DeMallory v. Cullen*, 855 F.2d 442, 444
28   (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of

constitutional violation); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Miles v. Konvalenka*, 791 F. Supp. 212 (N.D. Ill. 1992) (finding mouse in food not actionable). Accordingly, Plaintiff's claims one, two, four and five do not, even when liberally construed, state a cognizable claim for the violation of his constitutional rights or federal law.

In his third cause of action, Plaintiff alleges that Defendants Moncayo, Holstrom, Melendez, Grannis and Noll were involved in a miscalculation of his post-conviction time credits, and that this has resulted in prolonging the date that he is eligible for release and for parole. A parole or time credit claim that affects the duration of a prisoner's custody, and a determination of which may result in entitlement to an earlier release, must be brought in a habeas petition, not in a civil rights complaint. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). Consequently, the third cause of action will be dismissed without prejudice to refiling in a petition for a writ of habeas corpus.

In his sixth cause of action, Plaintiff alleges that on October 5, 2009, pursuant to a policy implemented by Defendants Silva and Noll, Defendant Estrella "seized" him by requiring him to come to an interview room for questioning him about illegal activities of other inmates. According to Plaintiff, he has refused to participate in such interviews in the past and prison officials have disciplined him for disobeying orders. Plaintiff claims that participating in the interview with Estrella was involuntary, and it was an unreasonable "seizure" in violation of the Fourth Amendment. A "seizure" is subject to the Fourth Amendment reasonableness requirement when a person has been detained or arrested in such a way that the person reasonably believes he is not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). The Court is aware of no authority that an inmate has the Fourth Amendment right not to be moved by prison officials from one part of a prison to another. As Plaintiff was already in custody, under control of

governmental officials, and not free to leave, Estrella's actions in requiring him to come to an interview room cannot be properly viewed as a "seizure" subject to the Fourth Amendment. Plaintiff's sixth claim does not state a cognizable claim for relief.

       In his seventh claim, Plaintiff claims that defendants retaliated against him. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). He alleges that Defendant Whisenhunt retaliated against him for statements Plaintiff made in a declaration that was responding to a questionnaire issued by prison officials who were investigating inmate activities at the prison. According to Plaintiff, when Whisenhunt saw that Plaintiff "used the F word (Fuck)" and made threats in the declaration, Whisenhunt subjected him to "verbal counseling," threatened disciplinary measures, removed the declaration from the investigatory file, and prevented Plaintiff from sending the declaration to the Warden. According to Plaintiff, this "chilled" Plaintiff's exercise of his First Amendment rights. When liberally construed, these allegations state a cognizable claim against Whisenhunt. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (threat of discipline or transfer to another prison was sufficient to support retaliation claim); *Bradley*, 64 F.3d at 1279-82 (regulations which punish an inmate for using "hostile, sexual, abusive or threatening" language in a written grievance are not reasonably related to penological interests and therefore violate the First Amendment).

       Plaintiff also alleges that Defendants Forester, Foston and Spearman retaliated against him by terminating him from his job assignment in favor of another inmate who had less seniority. Plaintiff does not allege that Defendants terminated him because of the exercise of his constitutional rights, however. As a result, these allegations do not state a viable retaliation claim. His assertion that the termination was improper insofar as

the other inmate had less seniority does not state a claim for the violation of his constitutional rights because there is no constitutional right to a job in prison. *See Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no right to job).

In his eighth claim, Plaintiff alleges that Defendants Whisenhunt, Olmstead and Grounds subjected him to racial discrimination by placing him and other white inmates on "lockdown" between August 29, 2011, and September 7, 2011, on the basis of their race. He claims that this violated his Fourteenth Amendment rights to equal protection. He claims that Defendants Forsterer and Foston also violated these rights because they denied his administrative appeals challenging the policy pursuant to which this lockdown was ordered. When liberally construed, this claim is cognizable.

### III. Motions

Plaintiff has filed a motion to have the United States Marshal serve his complaint upon Defendants. This motion is granted, as necessary, below. Plaintiff has also filed a motion to order the CDCR to disclose the location of Defendants that are no longer employed at the locations that he has provided. This motion is premature because it is not clear whether any of the Defendants that new locations are needed for any of the Defendants that have been ordered served. Furthermore, it is his responsibility to provide the Court with the location of the Defendants that he wants the Marshal to serve, and he has not shown that he himself has expended reasonable efforts to obtain such addresses, to the extent necessary.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The cognizable claims described above against Defendants Whisenhunt, Olmstead, Grounds, Forsterer and Foston will be allowed to proceed. All other claims against all other defendants, described above, are DISMISSED.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto, and a copy of this order upon Defendants: **Lieutenant J. Whisenhunt,**

**Olmstead, and Warden R. Grounds,** at the **California Training Facility** in **Soledad, California**, and upon **Defendants Appeals Examiner B. Forsterer and Appeals Branch Chief Foston** at the **California Department of Corrections and Rehabilitation** in **Sacramento, California.**

<u>The Clerk shall also mail a courtesy copy of the complaint with all attachments thereto, and this order to the California Attorney General's Office.</u>

The Clerk shall also serve a copy of this order on Plaintiff.

3. Defendants shall file an answer to the complaint in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

a. No later than **84 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

d. The motion shall be deemed submitted as of the date the reply brief is

1  due. No hearing will be held on the motion unless the court so orders at a later date.

2        e. Along with their motion, defendants shall proof that they served
3  plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op.
4  7871 (9th Cir. July 6, 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th
5  Cir. Sept. 19, 2012), at the same time they served him with their motion. Failure to do so
6  will result in the summary dismissal of their motion without prejudice.

7      5. All communications by the plaintiff with the court must be served on
8  defendant, or defendant's counsel once counsel has been designated, by mailing a true
9  copy of the document to defendant or defendant's counsel.

10      6. Discovery may be taken in accordance with the Federal Rules of Civil
11  Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or
12  Local Rule 16-1 is required before the parties may conduct discovery.

13      7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
14  court informed of any change of address and must comply with the court's orders in a
15  timely fashion. Failure to do so may result in the dismissal of this action for failure to
16  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

17      8. The motion for service (docket number 2) is GRANTED IN PART, and the
18  motion to order disclosure of addresses (docket number 3) is DENIED.

19      IT IS SO ORDERED.

20
21  DATED: November 8, 2012
22                       JEFFREY S. WHITE
                     United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed. If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question. Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PAUL E. HEBBE,

        Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS et al,

        Defendant.

Case Number: CV12-04037 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul E. Hebbe
#P04364
P.O. Box 690
Soledad, CA 93960

Dated: November 8, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk